Filed 4/15/25  P. v. Mejia CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B340562 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA033027) |
| v. | |
| CARLOS ANTONIO MEJIA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kelly M. Kelley, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal; Carlos Mejia, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

We resolve this case by memorandum opinion because it "raise[s] no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1.)

In 1998, a jury found defendant Carlos Antonio Mejia guilty of first degree residential burglary (Pen. Code,[1] §§ 459, 460, subd. (a)), and found true the allegations that he had three prior serious felony convictions within the meaning of the "Three Strikes" law (§§ 667, subds. (b)-(i) & 1170.12, subds. (a)-(d)) and the prior serious felony enhancement (§ 667, subd. (a)(1)). On the verdict form, the jury left blank a space for indicating its finding on a prior prison term enhancement allegation under section 667.5, subdivision (b), and the court dismissed the allegation. After denying Mejia's motion to dismiss multiple prior strike convictions, the court sentenced him to 25 years to life in state prison for the burglary, plus five years for the prior serious felony enhancement.

In May 2024, Mejia filed a petition for resentencing under section 1170.126, a statute providing that an inmate "serving an indeterminate life sentence imposed pursuant to the [T]hree [S]trikes law for a crime that is not a serious or violent felony and who is not disqualified, may have his or her sentence recalled and be sentenced as a second strike offender unless the court determines that resentencing would pose an unreasonable risk of danger to public safety." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 168.) In June 2024, Mejia filed a second petition under section 1170.126. On June 28, 2024, the trial court summarily denied the petitions, stating in its order that Mejia was ineligible for resentencing under section 1170.126

---

[1] Undesignated statutory references are to the Penal Code.

2

because he was "serving a sentence on a conviction of a first degree residential burglary." Under section 1192.7, subdivision (c)(18), first degree burglary is a serious felony.

Mejia filed a timely notice of appeal from the order denying his section 1170.126 petitions, and we appointed counsel for him. Counsel filed an opening appellate brief raising no issues and requesting that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We sent Mejia the requisite notice of his right to file a supplemental brief (see *id.* at pp. 231-232), and he did so. Under *Delgadillo*, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Id.* at p. 232.)

Mejia concedes in the supplemental brief that he is ineligible for resentencing under section 1170.126, the statute under which he petitioned the trial court for relief. He now argues instead that he is eligible for relief under section 1172.75, a statute which provides resentencing relief for inmates "currently serving a term for a judgment that includes" a prior prison term enhancement under section 667.5, subdivision (b), that was "imposed for a prior conviction" other than a sexually violent offense. (§ 1172.75, subds. (a) & (b).)[2]

As Mejia raises no challenge to the order he appealed from, we affirm the order. His new argument under section 1172.75 is not cognizable in this appeal from the denial of his petitions for resentencing under section 1170.126, and we therefore do not address it further.

---

[2] As noted above, the court that sentenced Mejia dismissed the prior prison term enhancement allegation (and did not impose the enhancement) after the jury failed to indicate on the verdict form a finding on the allegation.

## DISPOSITION

The June 28, 2024 order denying Mejia's section 1170.126 petitions is affirmed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.